MANNING, J. —
The first count in tbe indictment in this canse is defective, because, though it charges the defendant with breaking into and entering a cotton-house, with intent to steal, it does not aver that there were any goods, wares, merchandise, or any other valuable thing therein. But, as there is no demurrer to this first count,- and the second is sufficient, and the jury found a general verdict of guilty in response to the whole indictment, the judgment will not be reversed for the defect in -the -first count.
The objection to the testimony, that the cotton-house, or building in which the bales of cotton were kept, was, during the fall before the finding of the indictment, broken into, and a bale of cotton taken therefrom, was properly overruled. We do not perceive, and are not informed of, any reason for that objection.
The bill of exceptions contains, according to a declaration in it, all the evidence that was submitted to the jury; and two defendants were indicted and prosecuted in the court below. The judge, in charging the jury, instructed them that, “ if they believed from the evidence, beyond a reasonable doubt, that the defendants, or either- of them, did, in this county, before the finding of the indictment, break into and enter a house of Thomas Baltzell, where cotton was kept for deposit, with intent to steal, and take therefrom a bale of cotton, the property of said Thomas Baltzell, of value worth seventy-five dollars, then they must find the defendants, or either of them, guilty as charged in the indictment.” It is insisted, that this is plainly a charge that one of the defendants may be convicted on proof of the guilt of -the other. Without any distortion of the language, this is literally the import of the instruction. It was excepted to, on behalf of the defendant, at the time.
Of course, it was only by inadvertence, that the intelligent and able judge who presided on the occasion could have put his charge to the jury in that exceptionable shape; and it is difficult to believe that any jury could understand it, positive as it is in expression, according to its meaning, literally. We are impressed, too, with the conviction, that the bill of exceptions does not set out, as it proposes to do, all the evidence in this cause. Unless some particulars are omitted, we can not perceive how the jury, with a correct understanding of their duty under the law, could have rendered a, verdict of guilty against the defendant convicted, or how, if they *214 did, tbe judge could permit it to stand. There was negligence, at least, somewhere. It was not shown that appellant was ever Known to be in possession of any cotton, or that he was in the neighborhood, or even in the county in which the offense was committed, at the time of its commission. But we must take records as the presiding judges cause or permit them to be made up. The charge of the court, as set out, is not correct; and we can not mow that it did not cause injustice.
There is another particular in which the charge was erroneous. Undertaking to set out all the constituents of the offense for which appellant was indicted, it failed to inform the jury that it must appear that the cotton contained in the house broken into was a thing of value. — Danner v. The State; Ike Robinson v. State; Jasper Webb v. State; all in MSS. This defect was not compensated by the reference to an alleged intent of the accused to steal a bale of cotton worth $75. That intent might have existed, without any such bale of cotton being in the house.
The judgment of the court below must be reversed, and the cause remanded. Let the defendant remain in custody, until discharged by due course of law.